IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| L.T., by her guardian, CAJUN SNORTON, as the surviving child of NICHOLAS THOMAS, and CAJUN SNORTON, as administrator of the estate of NICHOLAS THOMAS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 1:17-cv-01036-RWS |
| v. | ) ) | |
| SMYRNA POLICE LIEUTENANT KENNETH OWENS, in his individual capacity, and THE CITY OF SMYRNA, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF SMYRNA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I.   INTRODUCTION

The above-captioned civil action arises out of the shooting death of Nicholas Thomas ("Thomas") by Smyrna Police Officer Ken Owens ("Owens") on March 24, 2015 while officers were attempting to serve Thomas with an outstanding arrest warrant issued out of Clayton County at Thomas' place of employment at the Bob McDonald at Goodyear Tire located at 2475 Cumberland Parkway (the "incident").  Both the GBI and the District Attorney for the Cobb

Judicial Circuit investigated the incident and both concluded that no crime had been committed by Owens. Accordingly, the matter was not submitted to a grand jury.

On or about March 24, 2017, plaintiffs commenced the above-captioned action asserting federal and state law claims against Owens and Smyrna. In Counts I and II, plaintiffs assert federal § 1983 claims for wrongful death, pre-death pain and suffering, and funeral expenses alleging that Owens violated Thomas' Fourth and Fourteenth Amendment rights (Doc. 13, ¶¶ 49, 54), and further alleging that Smyrna is liable under § 1983 "because its police department failed to exercise reasonable care in its hiring and retention of Defendant Owens." (Doc. 13, ¶ 56).  In addition, plaintiffs assert a state law battery claim against Smyrna based on *respondeat superior* (Count III), and a state law negligence against Smyrna also based on *respondeat superior* (Count IV).  Owens and Smyrna vigorously deny that either of them has any liability to plaintiffs in this case because Thomas' shooting did not violate his rights under state or federal law, nor the rights of plaintiffs in any regard. Plaintiffs filed a first amended complaint on April 19, 2017 (Doc. 13); however, the claim asserted in the original complaint in Count II is reasserted in Count II of the first amended complaint.

The present motion for partial summary judgment only requests relief with regard to the federal claims asserted against Smyrna in Count II of the first amended complaint which are premised on Smyrna's alleged negligent hiring and retention of Owens. (Doc. 13, ¶ 56). Specifically, plaintiffs allege that, because "Defendant Owens pleaded guilty to disorderly conduct" in May 1999 following a domestic dispute with his ex-wife, "[p]ursuant to 18 U.S.C. §§ 922(g)(9) and 921(a)(33)(A), Defendant Owens was barred by federal law from possession a firearm." (Doc. 13, ¶¶ 58-59). According to plaintiffs, "Smyrna knew or should have known of these and other facts and taken reasonable steps to ensure that Defendant Owens was not entrusted with a dangerous firearm and the powers of a law enforcement." (Doc. 13, ¶ 60).

Although Owens did in fact plead guilty to a charge of disorderly conduct in 1999, he did so under the Georgia First Offender Act, following which Owens successfully completed all terms of his probation. (*See*, Affidavit of Kenneth Owens, ¶ 4, attached hereto as Exhibit "A"). The 1999 guilty plea previously submitted by Owens was discharged on or about May 10, 2000 upon completion of his probation under the First Offender Act.  (*See*, Affidavit of Kenneth Owens, ¶¶ 5-10, attached hereto as Exhibit "A"). As such, Owens' guilty plea was never adjudicated and he was exonerated of any guilt for disorderly conduct.  Stated

otherwise, Owens was never "convicted" of any misdemeanor crime of domestic violence under 18 U.S.C. §§ 922(g)(9), and was fully authorized to possess a firearm at the time he was hired by Smyrna and at all relevant times herein.

There exists no basis to support imposition of federal municipal liability against Smyrna as alleged in Count II because Owens was not precluded from possessing a firearm under 18 U.S.C. §§ 922(g)(9) arising from the 1999 guilty plea. Accordingly, Smyrna respectfully submits that plaintiffs' federal claim against Smyrna, as asserted in Count II of the first amended complaint is cannot proceed as a matter of law and it is respectfully submitted it is entitled to partial summary judgment with regard to the same.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

In compliance with Rule 56.1(b) of the Local Rules of this Court, these defendants are filing, contemporaneously herewith, a separate statement of material facts as to which they contend there exist no genuine issues to be tried.  In light of this Court's Instructions to Counsel, citations to the record in support of the factual statements made in this memorandum are also incorporated herein.

## III.   ARGUMENT AND CITATION TO AUTHORITY

### A. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PROC. 56(a).  A defendant moving for summary judgment discharges this burden by showing the absence of evidence supporting the plaintiff's claims. FED. R. CIV. PROC. 56(c)(1)(B). To withstand summary judgment, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing FED. R. CIV. PROC. 56(e)) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."); *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) ("A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party.").

### B. Owens was entitled to possess a firearm and did not use a firearm with regard to plaintiff herein in violation of 18 U.S.C. §§ 922(g)(9).

Pursuant to 18 U.S.C. § 922(g)(9), "[i]t shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or

affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g) (9). Smyrna does not dispute that the 1999 disorderly conduct charge to which Owens submitted a guilty plea constitutes a "misdemeanor crime of domestic violence" for purposes of this subsection.[1] However, Smyrna respectfully submits that Owens' guilty plea, entered pursuant to the First Offender Act, does not constitute a "conviction" as that term is used in 18 U.S.C. § 922(g)(9).

"Whether a conviction qualifies under 18 U.S.C. § 922(g)[] . . . is 'determined in accordance with the law of the jurisdiction in which the proceedings were held.'" *U.S. v. Clarke*, 822 F.3d 1213, 1214 (11th Cir. 2016) (quoting 18 U.S.C. § 921(a)(20)); *Garcia-Celestino v. Ruiz Harvesting, Inc.*, 843 F.3d 1276, 1291 (11th Cir. 2016) ("[A]ny statutory term with established meaning under the common law is to be construed in a manner consistent with that common law meaning unless the statute says otherwise."). Because Owens' 1999

___

[1] In relevant part, a "misdemeanor crime of domestic violence" for purposes of this Code section is defined as a misdemeanor which "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim." 18 U.S.C.A. § 921(a)(33)(A).

-6-

proceedings were held in a Georgia state court, Georgia law governs whether his submission of a guilty plea under the First Offender Act qualifies as a "conviction" under 922(g)(9).[2]

Georgia case law confirms that "the entry of a guilty plea under O.C.G.A. § 42-8-60 [First Offender Act] is not a 'conviction' within the usual definition of that term." *Priest v. State,* 261 Ga. 651, 652 (1991). "The First Offender Act allows first offenders to enter a plea of guilty or nolo contendere and to be placed on probation or incarcerated without an adjudication of guilt. If the probation or

---

[2] Note that even if a "conviction" exists under Georgia law, 18 U.S.C. § 921(a)(33)(B) provides that a person is not deemed to be "convicted" of a misdemeanor crime of domestic violence for purposes of the Act unless:

> (I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and
> (II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either
>> (aa) the case was tried by a jury, or
>> (bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.
> 18 U.S.C.A. § 921(33)(B)(i).

In addition, "[a] person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C.A. § 921(a)(33)(B)(ii).

incarceration term is completed without violation, the defendant is discharged without an adjudication of guilt and is 'not … considered to have a criminal conviction.'" *Id.* "The point is that while there is an acceptance of the plea for the purpose of imposing a period of probation, there is no adjudication based on that plea. Rather, the court act of adjudicating is suspended and will never occur if probation is fulfilled." *Gunter v. State,* 182 Ga. App. 548, 549 (1987).

"[S]ince [Owens] was dealt with under the First Offender Act, there has been no adjudication on the plea; it has simply been tendered and accepted for the purpose of imposing punishment which, if successfully completed by [Owens], will relieve him of any judgment of guilt and hence of any conviction." *Id.* Because Owens successfully completed the terms of his probation, his previously submitted guilty plea was accordingly discharged without "any judgment of guilt and hence of any conviction." *Id.*

Thus, Owens was never "convicted" of a misdemeanor crime of domestic violence for purposes of 18 U.S.C. § 922(g)(9). *See Clarke*, 822 F.3d at 1214-15 ("Now that the Florida Supreme Court has made clear that Jenkins's guilty plea with adjudication withheld is not a "conviction" for purposes of § 790.23(1)(a), his § 922(g)(1) conviction cannot stand."). Smyrna respectfully submits that the federal statutes relied upon by plaintiffs in Count II did not preclude Owens'

possession of a firearm at the time of the subject incident nor at any other relevant time herein, and Smyrna respectfully requests that it be granted partial summary judgment with regard to Count II in the first amended complaint.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, Owens respectfully prays that the grounds of his motion be inquired into and that said motion be sustained and granted; that partial summary judgment be entered in his favor with regard to the claims asserted against him in Count II of the amended complaint; and that he have such other and further relief as this Court deems just and proper in the circumstances.

The undersigned, in accordance with L.R. 7.1 and 5.1(C), hereby certifies that the type font used herein is 13-Point Book Antigua font.

This 27th day of December, 2017.

/s/ Dianna J. Lee
Harvey S. Gray
Georgia Bar No. 305838
Dianna J. Lee
Georgia Bar No. 163391
*Attorneys for Defendant City of Smyrna*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA 30326
(404) 870-7376 (Gray)

(404) 870-5955 (Lee)
(404) 870-7374 (Fax)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| L.T., by her guardian, CAJUN SNORTON, as the surviving child of NICHOLAS THOMAS, and CAJUN SNORTON, as administrator of the estate of NICHOLAS THOMAS, | ) ) ) ) ) ) | CIVIL ACTION NO. |
| Plaintiffs, | ) ) | 1:17-cv-01036-RWS |
| v. | ) ) ) | |
| SMYRNA POLICE LIEUTENANT KENNETH OWENS, in his individual capacity, and THE CITY OF SMYRNA, | ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed a copy of the foregoing

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF

SMYRNA'S MOTION FOR PARTIAL SUMMARY JUDGMENT, with the Clerk

of Court using the CM/ECF system which automatically sends a service copy via

email notification upon the following counsel of record:

| | |
|---|---|
| Richard C. Mitchell | Craig T. Jones |
| Zack Greenamyre | Craig T. Jones, PC |
| Mitchell & Shapiro LLP | P.O. Box 129 |
| 3490 Piedmont Road, Suite 650 | Washington, GA  30673 |
| Atlanta, GA  30305 | |

This 27th day of December, 2017.

/s/Dianna J. Lee
Harvey S. Gray
Georgia Bar No. 305838
Dianna J. Lee
Georgia Bar No. 163391
*Attorneys for Defendant City of Smyrna*

**GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
(404) 870-7374 (Fax)

i:\604\299 - l.t. & snorton v. city of  smyrna\pleadings\motion for partial summary judgment and protective order\memorandum
in support of partial motion for summary judgment - final.docx